UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN McCLAIN,

        Petitioner,

v.                                      CASE NO. 06-11926
                                          HONORABLE AVERN COHN

CARMEN PALMER,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS PETITION

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Brian McClain challenges his state conviction for third-degree criminal sexual conduct. Petitioner raises a single claim regarding the sufficiency of the evidence. Respondent says the claim lacks merit. For the reasons that follow, the petition will be denied. As will be explained, the state court's adjudication of Petitioner's sufficiency of the evidence claim was not objectively unreasonable.

### II. Background

The material facts as gleaned from the record follow.

Petitioner was charged in Wayne County, Michigan with sexually penetrating the girlfriend of his friend's father. The incident occurred on the night when Petitioner turned twenty-one years of age. After drinking earlier in the evening, Petitioner accompanied his friend to his friend's home about 3:00 a.m. His friend's father was leaving for work at the time, and his friend went to bed. At some point,

> [Petitioner] went into the bedroom where the victim was sleeping on her side. He lay down behind her, and when she felt the penetration she assumed it was her fiancé, who had previously been in the house. Neither of them said anything until the victim looked back and saw [Petitioner]. She then jumped up and yelled for him to leave the room. [Petitioner] had met the victim several times before the incident, and [he] weighed significantly less than the victim's fiancé.

People v. McClain, No. 255816, at 2 (Mich. Ct. App. Oct. 13, 2005) (slip opinion).

Petitioner did not testify or present any witnesses at his bench trial. His defense was that

> there was no penetration, because [the complainant] was either on the combination of medication and alcohol and [didn't] really know. Or, that [she was] just not telling the truth because she claimed that the defendant ejaculated and there's no physical evidence to corroborate that, and that she [was] simply mistaken and that she was wrong about the fact that that happened.

(Tr. Apr. 12, 2004, at 98.) Alternatively, Petitioner maintained that the act was consensual and neither forced nor coerced. Id.

On April 12, 2004, the trial court found Petitioner guilty, as charged, of one count of criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(b). On May 14, 2004, the trial court sentenced Petitioner to imprisonment for two and a half to fifteen years. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion, and on February 24, 2006, a majority of the Michigan Supreme Court denied leave to appeal. See People v. McClain, 711 N.W.2d 299 (2006).[1]

---

[1] Justice Michael F. Cavanagh voted to grant leave to appeal, and Justice Stephen J. Markman filed a dissenting opinion in which he stated his belief that Petitioner's conduct did not amount to the commission of third-degree criminal sexual conduct. Justice Markman stated in part that "there is absolutely no evidence whatsoever that defendant did anything to 'conceal' his identity from, or to 'surprise,' the complainant, must less engage in any force or coercion." People v. McClain, 711 N.W.2d 299 (2006) (Markman, J., dissenting).

2

Petitioner filed his pro se habeas corpus petition on April 25, 2006. His sole ground for relief alleges that the evidence at trial was insufficient to establish third-degree criminal sexual conduct beyond a reasonable doubt.

### III. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A]n unreasonable application of federal law is different from an *incorrect* application of federal law." Id. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.

3

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require <u>awareness</u> of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002) (<u>per</u> <u>curiam</u> opinion) (emphasis in original). Furthermore, section "2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." <u>Bell v. Cone</u>, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted). In addition, "state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." <u>Baze v. Parker</u>, 371 F.3d 310, 318 (6th Cir. 2004).

IV.  Discussion

A.  Habeas Review of Insufficiency of the Evidence

Petitioner raises a sole claim of insufficiency of the evidence. The Supreme Court has held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." <u>In re Winship</u>, 397 U.S. 358, 364 (1970). After <u>Winship</u>, the critical question on review of the sufficiency of the evidence to support a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.  [T]his inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

<u>Jackson v. Virginia</u>, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted)

4

(emphasis in original). The Jackson "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," id. at 324 n.16, and through the framework of 28 U.S.C. § 2254(d), Martin v. Mitchell, 280 F.3d 594, 617 (6th Cir. 2002).

B. Elements of Criminal Sexual Conduct in the Third Degree

To prove third-degree criminal sexual conduct in Michigan, the prosecution must prove that the defendant engaged in sexual penetration with another person under aggravating circumstances. People v. Crippen, 242 Mich. App. 278 (2000); see Mich. Comp. Laws § 750.520d(1). One such aggravating circumstance is force or coercion, Mich. Comp. Laws § 750.520d(1)(b), which includes situations where "the actor, through concealment or by the element of surprise, is able to overcome the victim." Mich. Comp. Laws § 520b(1)(f)(v). The prosecution's theory in this case was that Petitioner forced or coerced the complainant to engage in sexual penetration by concealing his identity.

> [T]he existence of force or coercion is to be determined in light of all the circumstances and is not limited to acts of physical violence. People v. Malkowski, 98 Mich. App. 610, 613; 499 N.W.2d 450 (1993). Coercion
>
> may be actual, direct, or positive, as where physical force is used to compel act against one's will, or implied, legal or constructive, as where one party is constrained by subjugation to other to do what his free will would refuse. [Black's Law Dictionary (5th ed.), 234.]

People v. Premo, 540 N.W.2d 715, 717 (1995).

The Michigan Court of Appeals has found sufficient evidence of coercion where "the victim's psychotherapist manipulated therapy sessions to establish a relationship that would permit his sexual advances to be accepted without protest," see People v.

5

Regts, 555 N.W.2d 896, 897 (1996), and where the defendant took advantage of the complainant's misidentification of him as her fiancé to induce her to submit to his sexual advances, see Crippen, 617 N.W.2d at 764.

### C. Application

#### 1. Penetration

Petitioner claims that there was insufficient evidence that he had sexual relations with the complainant. Petitioner points out that medical reports failed to establish the presence of semen in the complainant's vagina, and the prosecutor admitted that there was no physical evidence linking Petitioner to the complainant. (Tr. Apr. 12, 2004, at 80-82.) However, the complainant testified that she did not consent to sexual intercourse with Petitioner and she stated that there was no doubt in her mind that Petitioner penetrated her vagina. (Id. at 26; Tr. Apr. 8, 2004, at 64-65.) As the Michigan Court of Appeals noted, however, Michigan law is clear that the prosecutor was not required to corroborate the complainant's testimony. Mich. Comp. Laws § 750.520h; People v. Lemmon, 576 N.W.2d 129, 137 n.22 (1998). Therefore, the Michigan Court of Appeals concluded that there was sufficient evidence of sexual penetration based on the complainant's testimony which the trial court fully credited. This conclusion was not an unreasonable application of the facts nor contrary to law.

#### 2. Force or Coercion - Concealment

Petitioner next says that any sexual conduct was consensual and the prosecution did not prove the element of force or coercion through concealment or surprise. The Michigan Court of Appeals rejected this contention, explaining:

> . . . defendant went up to the victim from behind and did not announce

himself. He therefore concealed himself as in "to hide; cover or keep from sight; to keep secret; avoid disclosing or divulging." Under Crippen,[2] this is sufficient. Defendant argues, however, that Crippen should not be read to require some evidence that the concealment was intentional or that the victim did not consent given the intent to conceal and ill-gotten consent were more obvious in Crippen. Requiring proof of non-consent would run afoul of the rule in Jansson, supra, p. 683. Regardless, in the instant case the victim testified that she thought she was consenting to sex with her fiancé, just as in Crippen, supra p. 284. Furthermore, the trial court found that defendant coming up from behind defendant, and later apologizing to her, was sufficient evidence that the concealment was intentional.

People v. McClain, slip op. at p. 2.

The court of appeals' conclusion was not unreasonable based on the facts adduced at trial, nor contrary to law. The testimony at trial indicated that Petitioner approached the complainant from behind while she was sleeping. He then removed her underwear and penetrated her. Although he did not disguise himself, he said nothing. The complainant did not resist, but she initially thought that Petitioner was her fiancé, who had kissed her goodbye before he left for work at about 3:00 a.m. As soon as the complainant realized that Petitioner was not her fiancé, she screamed, got up, and ordered Petitioner to leave. Petitioner went to another part of the house and pretended to be asleep on the couch. He subsequently got up, approached the complainant, and said he was sorry. When he refused to leave the house, the complainant hid in a closet and called her fiancé on her cell phone. Although Petitioner's friend expected Petitioner to sleep there that night, Petitioner left the house before the complainant's fiancé came home at approximately 4:00 a.m. The complainant's fiancé testified that the complainant was highly upset when she called him at work and that she was shaking

---

[2] In Crippen, the Michigan Court of Appeals defined "concealment" to mean "to hide; cover or keep from sight; to keep secret; avoid disclosing or divulging." Crippen, 242 Mich. App. at 283 (quoting The Random House College Dictionary (1995)).

7

and still highly upset when he returned home about 4:00 a.m.  Thus, the testimony at trial supports the conclusion that the complainant did not consent to sexual intercourse with Petitioner and that Petitioner overcame the victim by penetrating her while she was groggy with sleep.  Thus, the Michigan Court of Appeal's conclusion that there was sufficient evidence of penetration through force or coercion by taking advantage of the complainant's misidentification of him as her fiancé was not unreasonable under Jackson.

### 3. The Complainant's Credibility

Petitioner's final argument is that the complainant was not convincing and the trial judge should not have relied on her testimony.  Petitioner contends that the complainant was not credible because she was intoxicated during the alleged crime and there were inconsistencies in her trial testimony.

The alleged lack of credibility is not a basis for overturning Petitioner's conviction on habeas review, because a reviewing court must

> not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court.  Marshall v. Lonberger, 459 U.S. 422, 434 (1983).  It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony.  Neal v. Morris, 972 F.2d 675, 679 (6th Cir. 1992).  An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims.  Gall v. Parker, 231 F.3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. Ibid.

Matthews v. Abramajtys, 319 F.3d 780, 788-89 (6th Cir. 2003).  Thus, this argument fails.

V. Conclusion

This case is before the Court on habeas review. The Court is limited in its review by the habeas standard of the review and through the deferential lens of Jackson. Based on the an application of these standards to the evidence, a rational trier of fact could have concluded from the testimony at trial that Petitioner sexually penetrated the complainant through force or coercion by deceiving her as to his identity. Therefore, the conclusion of the Michigan Court of Appeals -- that the evidence was sufficient to support the third-degree criminal sexual conviction because there was evidence of concealment -- did not result in a decision that was contrary to, or an unreasonable application of, Jackson. Accordingly, the Petition for Writ of Habeas Corpus is DENIED.

SO ORDERED.

    s/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: January 23, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Brian McClain, 428996, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 on this date, January 23, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
    Case Manager, (313) 234-5160